IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>IRENE B. FLORES, and PANFILO L. FLORES,<br><br>Defendants. | Case No. 13-4352 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANTS** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of San Mateo seeking to evict Defendants from real property located at 203 Bay Ridge Drive, Daly City, California. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of diversity and/or federal question jurisdiction.

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate*

*Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and has determined that federal jurisdiction does not exist.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Defendants allege that diversity jurisdiction exists and state that the amount in controversy is in excess of $75,000. (Dkt. No. 1, p. 3.) However, the face of the state court complaint states that the amount demanded is less than $10,000. (Dkt. No. 1, p. 5.) Defendants therefore cannot satisfy the amount in controversy requirement for federal diversity jurisdiction, nor has Defendant established that Plaintiff is a citizen of a different state. Further, even were Defendants' contentions as to the parties' respective citizenships and the amount in controversy supportable, Defendants appear to be citizens of California as the underlying complaint alleges that they are in possession of property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

Any claim based on federal question jurisdiction likewise fails. "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1-1, p. 10.) Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311, at *1.

Accordingly, Defendants are ORDERED to SHOW CAUSE as to why this case should not be remanded to the San Mateo County Superior Court. In particular, if Defendants believe that this Court has subject matter jurisdiction, they shall file a response in writing by **October 15, 2013** that demonstrates why this Court has jurisdiction. Defendants

are warned that their failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  September 23, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

3